1  David A. Tilem (SBN 103825)
   LAW OFFICES OF DAVID A. TILEM
2  206 North Jackson Street, Suite 201
   Glendale, California 91206
3  Tel: 888-257-7648 * 818-507-6000
       Fax: 818-507-6800
4  DavidTilem@TilemLaw.com

5  Attorneys for Debtor and Debtor-
       In-Possession

6

7                    **UNITED STATES BANKRUPTCY COURT**

8                    **CENTRAL DISTRICT OF CALIFORNIA**

9                         **NORTHERN DIVISION**

10

11  In re:                          )  **Case No. 9:19-bk-10449-DS**
                                    )
12                                  )  Chapter 11
                                    )
13                                  )  **DEBTOR'S OPPOSITION TO RELIEF**
                                    )  **FROM STAY FILED BY ELIZABETH**
14                                  )  **HARANDI**
                                    )
15  **FARSHAD FASIHI HARANDI,**     )
                                    )  Hearing
16                                  )  Date:  December 5, 2019
                                    )  Time:  11:30 a.m.
17                                  )  Place: 201
                                    )         1415 State Street
18              Debtor.            )         Santa Barbara, CA 93101
                                    )
19  _____ )

20      Debtor submits the following in opposition to the relief from

21  stay motion filed by his ex-wife Elizabeth Harandi ("Movant").

22      1.   Initially, it is important to note that Movant has failed

23  to redact the name of a minor child, see Dkt. 154-1, p. 30 of 59.

24  This should be corrected immediately.

25      2.   The outcome of this motion likely depends on whether the

26  payments are "support", as Movant contends, or some other

27  obligation based on a pre-petition Order from the State Court which

28  is not entitled to priority and which cannot be paid prior to

1    confirmation of a Plan.

2    3.    While Debtor was initially prepared to make (and did

3    begin to make) such payments, further evaluation of the relevant

4    State Court documents, copies of which are attached to the moving

5    papers as Exhibits "C" and "D", has led to the conclusion that such

6    payments were not proper, must be discontinued and that in a

7    theoretical world, the payments previously made should be returned.

8    While he reserves the right to do in the future, Debtor has not

9    sought, and is not presently seeking any affirmative relief related

10    to those payments.

11    4.    Exhibit "C" (Dkt. 154-1, p. 15 of 59) is Movant's

12    November 29, 2017 request to the Superior Court (officially known

13    as a "Request for Order" and referred to herein as an "RFO") in

14    which she seeks various orders, including support orders.  The

15    notice (p. 16 of 59) provides for a hearing on January 17, 2018.

16    For the reasons indicated below, the RFO supports Debtor's position

17    that: (1) there was no prior order for support; and (2) that there

18    is no current order for the payment of support.

19        a.    The first page (p. 16 of 59) of the RFO has a box,

20        just above the "Notice of Hearing" title, entitled "Request

21        for Order" which contains check boxes.  Those seeking

22        modification of an existing order, are required to so indicate

23        by checking the box on the first line marked "Change".  That

24        this box was not checked is consistent with Debtor's position

25        that there was no existing support order in late 2017, at the

26        time the RFO was filed.

27        b.    Within the same box, Movant marked a series of boxes

28        indicating the relief she was requesting.  She marked: spousal

support, child support, attorney fees, property control and "other" which she described as "rental income from tenants". Movant's markings suggest that she was seeking a share of the rental income separate and apart from, and <u>in addition to</u> an order for support.

    c.   The relief sought by Movant in the RFO is further described in pages 18, 19 of 59. In paragraph 3 (p. 18 of 59), Movant seeks "guideline" child support, however, Movant failed to attach the required DissoMaster guideline report, making it impossible to award such relief.

    d.   In paragraphs 8 and 10 (p. 19 of 59), Movant describes the rental income as a "rent share" or "my court ordered share of the rental income" though in paragraph 9b she describes it as support.

    e.   This ambiguity in paragraphs 8, 9 and 10 of the RFO is likely clarified by Movant's declaration attached to the RFO. In paragraph 7.b. of the Declaration (p. 23 of 59), Movant contends, NOT that she had been awarded child support, but that she was using some of the rental income for that purpose. She complains that Debtor "does <u>not pay any child support</u>", but she does not state or provide any evidence that Debtor was ever <u>required</u> to pay more than amounts which he voluntarily contributes to help support his children.

    f.   Paragraph 11 of Movant's Declaration (p. 24 of 59) further supports Debtor's contention, since there would be no reason for Movant to request a support order if one already existed.

/ / /

5.    While the RFO supports Debtor's position, the stipulation and Minute Order related to the RFO, copies of which are attached as Exhibit "D" to the moving papers (Dkt. #154-1, p. 28-33 of 59) are conclusive.

    a.    The stipulation dated January 25, 2018 (p. 30 of 59) contains not a single reference to "support".  It also supports Debtor's claim that any share of rents which Movant might otherwise be entitled to receive, is to be reduced by the cost of repairs and certain ongoing expenses.

    b.    The Court's Minute Order (p. 32 of 59) states that

    As it pertains to child support and spousal support, Petitioner's Request for Order is continued to the time of trial.  The Court reserves jurisdiction over full retroactivity to November 29, 2017.

In other words, the Superior Court expressly <u>declined</u> to issue a support Order.

6.    Despite the fact that both Debtor and Movant hold various real estate licenses, neither is currently generating any income. This it should be no surprise that the Superior Court has failed to issue a support order which Debtor cannot satisfy.

Based on the foregoing, this motion, which seeks relief from stay to enforce a debt based on a pre-petition claim, should be denied.

Dated: November 20, 2019

LAW OFFICES OF DAVID A. TILEM

By: _____
    David A. Tilem, Attorneys
    for Debtor

**<u>DECLARATION OF FARSHAD HARANDI</u>**

I, Farshad Harandi, declare and state as follows:

1.    I am the debtor and debtor in possession in this Chapter 11 case.

2.    This declaration is based on my personal knowledge.  If asked to do so, I could and would testify to the statements which appear below.

3.    I have two children with my ex-wife Elizabeth Harandi. One of them is 18 years old.  The other is 15 years old.

4.    Though I have not been ordered to pay child support, I provide financial support for my children by paying for some of their clothing, contributing to their school and medical expenses and paying other miscellaneous expenses.

5.    Because I live "next door" to their mother, they visit me frequently.  They eat at my home almost every day, and at various times during the day.

I declare, under penalty of perjury under the laws of California, that the foregoing is true and correct and that I signed this Declaration on November 20, 2019 at Malibu, California.

FARSHAD HARANDI

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**206 North Jackson Street, Suite 201, Glendale, CA 91206**

A true and correct copy of the foregoing document entitled **DEBTOR'S OPPOSITION TO RELIEF FROM STAY FILED BY ELIZABETH HARANDI** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **11/20/19,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  **11/20/19,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Deborah Saltzman,
United States Bankruptcy Court
255 E. Temple Street, Suite 1634
Los Angeles, CA 90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| **11/20/19** | **Joan J. Fidelson** | /s/ Joan J. Fidelson |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                   **F 9013-3.1.PROOF.SERVICE**

**ECF Service List:**

- **Brian D Fittipaldi**    brian.fittipaldi@usdoj.gov
- **Merdaud Jafarnia**    bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com
- **Nancy L Lee**    bknotice@mccarthyholthus.com, nlee@ecf.courtdrive.com
- **Randall P Mroczynski**    randym@cookseylaw.com
- **Valerie Smith**    claims@recoverycorp.com
- **David A Tilem**    davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;DianaChau@tilemlaw.com
- **United States Trustee (ND)**    ustpregion16.nd.ecf@usdoj.gov
- **Brandon Winston**    brandonjwinston@gmail.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**