

**FILED & ENTERED**

**FEB 27 2020**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bertelsen **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>FARSHAD FASIHI HARANDI,<br><br>Debtor. | Case No. 9:19-bk-10449-DS<br><br>Chapter 11<br><br>**ORDER DENYING MOTION TO APPROVE STIPULATION BETWEEN DEBTOR FARSHAD FASIHI HARANDI AND CREDITOR FREEDOMROAD FINANCIAL FOR MAINTENANCE OF ADEQUATE PROTECTION PAYMENTS AND RESOLUTION OF CLAIM TREATMENT ISSUES** |

On December 31, 2019, the secured creditor, Freedomroad Financial (the "Movant") filed a "Stipulation for Maintenance of Adequate Protection Payments and Resolution of Claim Treatment Issues" (the "Stipulation," Docket No. 168) by and between the Movant and Farshad Fasihi Harandi (the "Debtor").  After an order was lodged regarding approval of the Stipulation, the court rejected the lodged order.  The court's rejection notice to the Movant's counsel stated: "The court will not modify the automatic stay without a motion for relief from stay.  A properly notice motion for relief from stay should be filed before the court will approve a stipulation that modifies the automatic stay with adequate protection payments."

Thereafter, on January 28, 2020, the Movant filed a "Motion to Approve Stipulation Between Debtor Fashad Fasihi Harandi and Creditor Freedomroad Financial for Maintenance of Adequate Protection Payments and Resolution of Claim Treatment Issues" (the "Motion," Docket No. 169), which seeks court approval of the earlier-filed Stipulation. The Movant, as stated in the Motion and the Stipulation, requests to modify the automatic stay through an adequate protection agreement with the Debtor.

However, despite seeking a modification of the automatic stay, the Motion is not a motion for relief from the automatic stay, and the Motion does not comply with the proper notice and procedural requirements for motions that request relief from the stay. *See* LBR 4001-1. The Movant failed to use the court-mandated F 4001-1 series of form motions. LBR 4001-1(b)(1). "The failure to use the mandatory forms may result in the denial of the motion or the imposition of sanctions." *Id.* Additionally, all orders on motions for relief from stay that are settled by stipulation "must be prepared using the court-mandated F 4001-1 series of form orders." LBR 4001-1(b)(2)(B). "The failure to use the mandatory form orders may result in the court not signing or entering the order." LBR 4001-1(b)(2)(A).

Finally, in a chapter 11 case where a party is filing a motion for relief from the automatic stay, the motion must be served on the debtor's twenty largest unsecured creditors. LBR 4001-1(c)(1)(C)(v); Fed. R. Bankr. P. 4001(a)(1); Fed. R. Bankr. P. 1007(d). Here, it does not appear that the Debtor's twenty largest unsecured creditors were properly served with the Motion.

Thus, the court having reviewed and considered the Motion, the Stipulation, the court's prior rejection notice, the Movant's failure to use the court-mandated form, the Movant's failure to comply with the applicable procedural and notice requirements, and the record in this case, and good cause appearing,

///

///

///

IT IS HEREBY ORDERED that the Motion is denied.

###

Date: February 27, 2020

Deborah J. Saltzman
United States Bankruptcy Judge