DAVID SEROR - Bar No. 67488
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email: dseror@bg.law

Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>Farshad Fasihi Harandi,<br><br>                Debtor. | Case No. 9:19-bk-10449-DS<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE'S MOTION TO CONVERT CASE TO A CHAPTER 7 CASE; DECLARATION OF DAVID SEROR IN SUPPORT THEREOF**<br><br>[No Hearing Required] |

2300815.DOCX

1

**TO THE HONORABLE DEBORAH SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL PARTIES IN INTEREST**:

David Seror, the duly appointed and acting Chapter 11 Trustee (the "Trustee") for the bankruptcy estate ("Estate") of debtor Farshad Fasihi Harandi (the "Debtor"), and a party in interest herein, hereby moves the Court (the "Motion") for entry of an order converting this case to a chapter 7 case, pursuant to Section 1112(b)(1) of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

The basis of the Motion is that the Debtor is an individual whose primary asset is that certain residential real property located at 26060 Pacific Coast Highway in Malibu, California, 90265 (the "Malibu Property"). The Trustee is in the process of listing the Malibu Property for sale to liquidate it for the benefit of the Estate and creditors. The Trustee believes this is a liquidating case, and that and there is no possibility of a reorganization. The Trustee believes that it is in the best interest of creditors to convert this case to one under chapter 7 of the Bankruptcy Code in order to avoid the additional administrative expenses inherent in a chapter 11 case.

Dated: May 18, 2020                                          Respectfully Submitted,

By: _____
DAVID SEROR, Chapter 11 Trustee

2

2300815.DOCX

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  STATEMENT OF FACTS

This case was commenced on March 14, 2019 when individual debtor Farshad Fasihi Harandi (the "Debtor") filed a voluntary chapter 11 petition. The Debtor's primary asset is that certain residential real property located at 26060 Pacific Coast Highway in Malibu, California, 90265 (the "Malibu Property").

On February 19, 2020, secured creditor JPMorgan Chase Bank, N.A. ("Chase") filed its *Motion to Appoint a Chapter 11 Trustee, or in the Alternative, Convert the Case to Chapter 7* [Doc. #177] (the "Motion to Convert"). The Motion to Convert was brought on grounds that, among other things, (i) the Debtor mismanaged the Estate, (ii) the Debtor failed to facilitate a sale of the Malibu Property, (iii) the Debtor Malibu Property was not generating sufficient income to prevent administrative insolvency, (iv) the Debtor was breaching his fiduciary duty, and (v) it is unlikely that the Debtor would file a confirmable plan. The Motion to Convert was granted pursuant to Court order [Doc. #202] entered on March 18, 2020.

On March 27, 2020, the United States Trustee filed its *Application for Order Approving Appointment of Trustee and Fixing Bond* [Doc. #206] pursuant to which the United States Trustee requested entry of an order approving the appointment of David Seror as Chapter 11 Trustee. The *Order Approving Appointment of a Chapter 11 Trustee* [Doc. #211] was entered on April 1, 2020 pursuant to which David Seror was appointed as the Chapter Trustee (the "Trustee"), and in such capacity he continues to serve.

In the appropriate exercise of his duties as Chapter 11 Trustee, the Trustee has conferred with counsel for Chase, the Debtor and counsel for the Debtor and has reviewed documents relating to the assets and liabilities of this case, and has determined that a reorganization is not possible in this case. Therefore, the Trustee is in the process of listing the Malibu Property for sale to liquidate it for the benefit of the Estate and creditors. Given that the Debtor's primary asset will be liquidated, the Trustee has determined that is appropriate and in the best interest of creditors to

3

convert this case to a chapter 7 case. The Trustee believes that no opposition will be filed to this Motion.

## II. ARGUMENT

Pursuant to 11 U.S.C. 1112(b)(1):

Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104 (a)(3), on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert the case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if movant establishes cause.

The Trustee respectfully contends that cause exists in that the Debtor's primary asset will be liquidated, there is no possibility of a reorganization, and it is more cost efficient to liquidate in a chapter 7 versus a chapter 11.

## III. CONCLUSION

Based upon the foregoing, the Trustee requests that the Court enter an order converting this case from a chapter 11 to a chapter 7 case, and for such other relief as the Court deems just and proper.

Dated: May 18, 2020

Respectfully submitted,

By: _____
DAVID SEROR, Chapter 11 Trustee

4

2300815.DOCX

## DECLARATION OF DAVID SEROR

I, David Seror, declare:

1. I am an attorney at law duly admitted to practice before this Court and am the duly appointed, qualified and acting Chapter 11 Trustee of the bankruptcy estate (the "Estate") of debtor Farshad Fasihi Harandi (the "Debtor"). Each of the facts contained in this declaration is based on personal knowledge or records that I maintain as the Trustee, or the Court's docket and files, and, if called as a witness, I could and would competently testify thereto under oath.

2. This case was commenced on March 14, 2019 when the Debtor filed a voluntary chapter 11 petition.

3. The Debtor's primary asset is that certain residential real property located at 26060 Pacific Coast Highway in Malibu, California, 90265 (the "Malibu Property").

4. On February 19, 2020, secured creditor JPMorgan Chase Bank, N.A. ("Chase") filed its *Motion to Appoint a Chapter 11 Trustee, or in the Alternative, Convert the Case to Chapter 7* [Doc. #177] (the "Motion to Convert"). The Motion to Convert was brought on grounds that, among other things, (i) the Debtor mismanaged the Estate, (ii) the Debtor failed to facilitate a sale of the Malibu Property, (iii) the Debtor Malibu Property was not generating sufficient income to prevent administrative insolvency, (iv) the Debtor was breaching his fiduciary duty, and (v) it is unlikely that the Debtor would file a confirmable plan. The Motion to Convert was granted pursuant to Court order [Doc. #202] entered on March 18, 2020.

5. On March 27, 2020, the United States Trustee filed its *Application for Order Approving Appointment of Trustee and Fixing Bond* [Doc. #206] pursuant to which the United States Trustee requested entry of an order approving my appointment as Chapter 11 Trustee. The *Order Approving Appointment of a Chapter 11 Trustee* [Doc. #211] was entered on April 1, 2020 pursuant to which I was appointed.

6. I have discussed my concerns about this case with counsel for Chase, the Debtor and counsel for the Debtor and have reviewed documents relating to the assets and liabilities of this case. I have determined that a reorganization is not possible in this case. Therefore, I am in the process of listing the Malibu Property for sale to liquidate it for the benefit of the Estate and creditors. Given

2300815.DOCX

1 | that the Debtor's primary asset will be liquidated, I have determined that is appropriate and in the
2 | best interest of creditors to convert this case to a chapter 7 case. I do not believe that any party in
3 | interest will oppose this Motion.
4 |     I declare under penalty of perjury under the laws of the United States of America that the
5 | foregoing is true and correct.
6 |     Executed on the 18th day of May, 2020 at Los Angeles, California.

DAVID SEROR

3

2300815.DOCX

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367.

A true and correct copy of the foregoing document entitled: **CHAPTER 11 TRUSTEE'S MOTION TO CONVERT CASE TO A CHAPTER 7 CASE; DECLARATION OF DAVID SEROR IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**\*\*NO JUDGES COPY TO BE PROVIDED PER GENERAL ORDER 20-02**

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 18, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Brian D Fittipaldi**    brian.fittipaldi@usdoj.gov
- **Merdaud Jafarnia**    bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com
- **Nancy L Lee**    bknotice@mccarthyholthus.com, nlee@ecf.courtdrive.com
- **Randall P Mroczynski**    randym@cookseylaw.com
- **David Seror (TR)**    aquijano@bg.law, C133@ecfcbis.com
- **Valerie Smith**    claims@recoverycorp.com
- **Nichlas P Spallas**    bknotices@spallasjones.com
- **David A Tilem**    davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com; joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;DianaChau@tilemlaw.com
- **United States Trustee (ND)**    ustpregion16.nd.ecf@usdoj.gov
- **Sharon Z. Weiss**    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com
- **Brandon Winston**    brandonjwinston@gmail.com

☐  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:  On **May 18, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor**
Farshad Fasihi Harandi
26060 Pacific Coast Highway
Malibu, CA 90265

☐  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **_____, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 18, 2020 | JENNIFER WARNER | /s/ Jennifer Warner |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**